IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEPHEN PRESSLER                                                                    PLAINTIFF

v.                              Case No. 4:09-cv-676-DPM

FTS USA, LLC                                                                        DEFENDANT

ORDER

The parties dispute attorney's fees and costs. Pressler's lawyers seek $79,962.50 in fees ($44,987.50 to William Ryan and $34,975.00 to Tom Donaldson) and $3,307.60 in costs ($1,560.27 to Ryan and $1,747.33 to Donaldson). *Document No. 116-2, at 3 & Document No. 116-3, at 2*. FTS challenges the number of hours billed and the attorneys' hourly rates. It does not object to costs.

The Court "shall, in addition to any judgment awarded to [Pressler], allow a reasonable attorney's fee to be paid by [FTS], and costs of the action." 29 U.S.C. § 216(b). Pressler recovered only $8,840.76 at trial, but the fee award need not be proportional to his damages. *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 580–81 (8th Cir. 2006). And the specifics about all the

failed settlement efforts are beside the point. The Court will resolve FTS's objections—determining the hours reasonably expended and a reasonable hourly rate—under the *Hensley v. Eckerhart* standard. 461 U.S. 424, 433–440 (1983); *see also Gay v. Saline County*, No. 4:03-cv-564-HLJ, 2006 WL 3392443, at *1 (E.D. Ark. 20 Oct. 2006).

### I. Fees

Ryan seeks fees for 179.95 hours, Donaldson 139.9 hours. Aside from its general objections, FTS challenges 55.7 of Ryan's and 61.9 of Donaldson's hours. Ryan agrees he erroneously submitted .2 hours of time about the King consent filing. *Document No. 120, at 7.*

FTS objects to paying for "duplicated . . . efforts at nearly every turn" by two attorneys whose "work [would be] ordinarily performed by a younger attorney." *Document No. 119, at 5 & 7.* FTS, the Court notes, had six attorneys of varied experience involved in this case. The Court declines to strike Donaldson's hours in their entirety as duplicative. The Court does conclude, however, there was some duplication of effort. Both lawyers, for example, did not need to attend the Louden and Pressler depositions. And the case could have been well tried by one lawyer on each side.

Taking a step back, it strikes the Court that this case could have been handled for Pressler as well and more efficiently by one experienced lawyer with the help of one green associate. The Court could account for this conclusion in the hourly rates: Ryan or Donaldson's hourly rate could be cut drastically—but that would be unfair; or the Court could calculate some average rate for both—but that would be cumbersome and imprecise given the record presented on hourly rates. With its discretion informed by the *Hensley* factors as applied to this case, the Court concludes that the most equitable route is to make an across-the-board reduction in hours to account for both duplicated effort and the two-senior-lawyers problem. It is, the Court concludes, reasonable in the circumstances to reduce both Ryan's and Donaldson's total time by 40.0 hours each.

Ryan's (4.2 hours) and Donaldson's (8.0 hours) time spent on the Shockman and Conn depositions are also excluded. These depositions were related to FTS's successful partial summary judgment. Pressler did not prevail on that part of the case.

FTS challenges Ryan's (2.0 hours) and Donaldson's (9.6 hours) time related to Elizabeth Downey's deposition. Pressler successfully used this two-

hour phone deposition of FTS's Rule 30(b)(6) representative at summary judgment and trial. *Document No. 119, at 16.* But at least some of the deposition was related to class-certification issues. The Court therefore agrees with Ryan and Donaldson, a 25% reduction is appropriate (striking .5 hours from Ryan and 2.4 hours from Donaldson).

The time spent preparing the fee motion and reply is an appropriate charge. *Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236, 239 (8th Cir. 1982). The Court will not diminish Ryan's time (5.2 hours) spent on the thorough and helpful reply brief. Donaldson's time preparing the initial motion (10.0 hours) seems a bit high, however; it is therefore reduced by 2.0 hours. Ryan's time spent preparing the initial motion (2.5 hours) is allowed.

FTS's challenge to Donaldson's time preparing the complaint (3.5 hours) is rejected. A diligent lawyer could reasonably require more than thirty minutes to research and draft a complaint. FTS's objection to Ryan's time reviewing mediation correspondence (.5 hours) is also denied — thirty minutes to edit and review a settlement letter is reasonable.

Ryan and Donaldson's travel time is also allowed. They charged only for travel related to their successful claim, totaling 36 hours (20.0 hours for

Ryan and 16.0 hours for Donaldson). Fee awards cover these reasonable hours. *Craik v. Minnesota State University Bd.*, 738 F.2d 348, 349–50 (8th Cir. 1984). Ryan and Donaldson's time spent deposing Anthony Louden and attending Pressler's deposition (7.8 hours per lawyer) is duplicative but allowed. Louden's deposition was a component of Pressler's success. And the duplicated effort here has already been adjusted out. Ryan and Donaldon's time for reviewing discovery with Pressler (2.5 hours per lawyer), is also allowed.

After reductions, Ryan has 135.05 hours; Donaldson 87.5 hours.

## II. Hourly Rate

FTS challenges Ryan and Donaldson's $250.00 hourly rate as unreasonable. In support of their hourly rate, Ryan and Donaldson submit an affidavit and a declaration from two experienced central Arkansas employment lawyers. These lawyers' rates exceed Ryan's and Donaldon's rates. For its challenge, FTS points to a September 2010 fee order in another case to undermine one of the declarations. But Ryan and Donaldson attach to the reply an affidavit from the lawyer involved that clarifies the matter.

The requested hourly rate is, the Court concludes, too high. Here the Court draws on its experience at the bar and in handling fee issues during the last five years, as well as what is reasonable in this case. FLSA work is specialized. But again, this was a hard fought but legally simple dispute. Ryan and Donaldson are to be commended for taking on Pressler's case and advocating it to a successful conclusion. A reasonable hourly rate for their work, all material things considered, is $225.00. *Hensley*, 461 U.S. at 437; *Simpson*, 441 F.3d 572, 580–81. Though still a bit on the high side, this rate is reasonable here given the Court's forty-hour reductions in the time allowed each of Pressler's lawyers.

\* \* \*

Pressler's motion for attorneys' fees, *Document No. 116*, is granted in part and denied in part. Ryan is awarded $30,386.25 in fees and $1,560.27 in costs. Donaldson is awarded $19,687.50 in fees and $1,747.33 in costs.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 June 2011